**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENUTH CIRCUIT

KEVIN K. OGDEN,

      Petitioner-Appellant,

v.

ERASMO BRAVO, Warden, Guadalupe
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 01-2306

(D.C. No. CIV-01-658 JP/RLP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Petitioner Kevin Ogden, a New Mexico state prisoner appearing pro se, seeks a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Because he has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

Ogden was convicted of first degree murder of a community service officer, and three counts of receipt, transportation, or possession of a firearm by a felon. Although the State sought the death penalty, Ogden was sentenced to life imprisonment on the murder count and additional time on each of the firearms counts. His convictions were affirmed in his direct appeal to the New Mexico Supreme Court (NMSC). Ogden, appearing pro se, subsequently filed a petition for state habeas relief, asserting forty-one claims of error, which was denied on March 9, 2001. It is disputed whether Ogden sought review of that denial by the NMSC. The State contends Ogden failed to file a petition for writ of certiorari with the NMSC. Ogden, however, alleges he mailed a petition for writ of certiorari to the NMSC on May 21, 2001.

On June 5, 2001, Ogden filed his federal habeas petition, asserting the same forty-one claims of error asserted in his state habeas petition.[1] The magistrate judge reviewed

_____

[1] Ogden's federal habeas petition specifically enumerated the following issues: (1) the trial court erred by not conducting a speedy trial; (2) the court lacked jurisdiction because it failed to instruct the jury on the elements of the alleged crime; (3) the court erred in admitting prejudicial and highly inflammatory photographs; (4) the court erred in holding that the victim, a community service officer, was a peace officer within the meaning of New Mexico's death penalty statutes; (5) the court erred in excusing potential jurors who were opposed to the death penalty; (6) the prosecutors acted improperly by

2

the petition and concluded that two of the forty-one issues had been addressed by the

aligning themselves with the court and the victim; (7) the court erred by admitting evidence of Ogden's alleged acts and prior convictions; (8) the court erred in allowing the media into the courtroom prior to and during trial; (9) the prosecution made improper references to Ogden's character; (10) Ogden's conviction was the result of passion, prejudice, discrimination, and arbitrary and capricious factors; (11) the court erred by admitting into evidence polygraph results and testimony from one of the state's witnesses; (12) the court erred by failing to give Ogden a preliminary trial; (13) the court erred in admitting evidence of Ogden's prior conviction, his gun charges, and alleged incidents involving nonconvictions; (14) Ogden was exposed to double jeopardy as a result of extraneous matters, the consecutive sentences, and the multiple charges and trials; (15) the State of New Mexico passed an ex post facto law directly aimed at Ogden; (16) the court erred in omitting uniform jury instructions that included the possibility of a verdict of guilty but mentally ill; (17) the court erred in refusing to allow Ogden to pursue any defense other than insanity; (18) the court erred when it refused to allow Ogden to aid in his defense; (19) the court erred by failing to ensure there were equal numbers of men and women on the jury; (20) the court erred in refusing to instruct the jury on the correct definition of the term "peace officer"; (21) the court erred in refusing to allow the jury to decide whether the victim was a "peace officer"; (22) the court erred in instructing the jury that a life sentence was mandatory; (23) the court erred by not allowing Ogden any alternative defenses; (24) the court erred by forcing Ogden to be represented by a public defender who was not familiar with the case; (25) the court erred in instructing the jury on an aggravating circumstance that was not authorized under New Mexico law; (26) the court erred by not defining for the jury during sentencing proceedings the duties of a peace officer; (27) the court erred by failing to individually sequester the members of the jury pool during voir dire; (28) the court erred by failing to sequester psychologist William Mathews; (29) the life sentence imposed was disproportionate to the crime of conviction; (30) the jurors were unqualified; (31) the court erred in failing to sequester the jury during the trial; (32) the court erred by admitting certain psychological testimony; (33) the court erred when it imposed sentence enhancements in connection with Ogden's firearms convictions; (34) the court erred in allowing a certain evaluation to be used by the testifying psychological experts; (35) the court erred in excluding black jurors; (36) the court failed to provide reasons for its rulings on particular pretrial motions; (37) the court erred by declaring Ogden incompetent to proceed pro se on appeal; (38) the court erred by sustaining the prosecution's objection to a certain witness' testimony about what the trial court said to her; (39) the court erred in certifying a pretrial interlocutory appeal; (40) the psychologists who testified at trial were not qualified to be witnesses; and (41) the court erred when, during voir dire, it informed potential jury members that Ogden would be facing a life sentence plus six years.

3

NMSC in the direct appeal. The magistrate noted, however, that those two issues (whether the trial court erred in admitting evidence of "prior bad acts" and evidence of polygraph test results) concerned only the admissibility of evidence under state law and did not implicate any of Ogden's federal constitutional rights. As for the remaining issues, the magistrate concluded they were first raised in Ogden's state habeas petition and were procedurally barred due to Ogden's failure to file a timely petition for writ of certiorari with the NMSC. The magistrate recommended dismissing with prejudice all forty-one of Ogden's habeas claims. The magistrate noted that Ogden's petition referenced problems pertaining to his conditions of confinement, particularly the denial of mental health treatment and medication, and recommended dismissing those claims without prejudice. After allowing Ogden to file written objections, the district court adopted the magistrate judge's recommendations and dismissed with prejudice Ogden's habeas claims, and dismissed without prejudice his claims concerning conditions of confinement. The court denied Ogden a COA.

After reviewing the record on appeal, we conclude that five of the issues now asserted in Ogden's federal habeas petition were presented to the NMSC, either on direct appeal or in a pretrial interlocutory appeal.[2] It is apparent, however, that none of these

---

[2] In the interlocutory appeal, the NMSC held: (1) it was proper for the trial court to act upon Ogden's motion and conduct a pretrial review of the alleged "murder of a peace officer" aggravating circumstance; and (2) community service officers were "peace officers" within the meaning of New Mexico's capital sentencing statute (which included as a potential aggravating factor the murder of a peace officer). State v. Ogden, 880 P.2d

4

issues entitle Ogden to federal habeas relief. As noted by the magistrate judge, two of these issues (Issues 7 and 11) pertain to the trial court's evidentiary rulings (regarding admission of prior bad acts and polygraph test results) under New Mexico state law, but do not allege the violation of any of Ogden's federal constitutional rights. Issues 4 and 25 appear to pertain to the NMSC's pretrial holding that community service officers are considered "peace officers" for purposes of New Mexico's capital sentencing statute, N.M. Stat. Ann. § 31-20A-5 (which provides, in part, that one possible aggravating circumstance is that "the victim was a peace officer who was acting in the lawful discharge of an official duty when he was murdered"). See State v. Ogden, 880 P.2d 845, 855-56 (N.M. 1994). Because the holding appears to involve only an issue of state law, and because Ogden was sentenced to life imprisonment rather than death, we fail to see how Ogden would be entitled to federal habeas relief on these issues. Finally, Issue 5 pertains to the jury selection process utilized by the trial court. In his direct appeal, Ogden argued that the trial court's screening of jurors under Witherspoon v. Illinois, 391 U.S. 510 (1968), resulted in a jury panel that was "conviction prone" during the guilt phase proceedings. The NMSC rejected the argument. Given the Supreme Court's decision in Lockhart v. McCree, 476 U.S. 162 (1986), we conclude the NMSC decision was entirely reasonable and provides no basis for granting federal habeas relief. In Lockhart, the Supreme Court rejected the same argument raised by Ogden and held that

845 (N.M. 1994).

"the removal for cause of 'Witherspoon-excludables' serves the State's entirely proper interest in obtaining a single jury that c[an] impartially decide all of the issues in [the] case." Id. at 180.

As for the remaining thirty-six issues asserted by Ogden, we agree with the district court that they are procedurally barred. New Mexico state law provides a firm certiorari deadline in habeas cases: "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M. R. App. P. 12-501(B). Although it is disputed whether Ogden filed a petition for writ of certiorari with the NMSC following the state district court's denial of his habeas petition, it is uncontroverted that he did not meet the deadline. Ogden's failure in this regard means that the thirty-six issues first raised in his state habeas petition were never addressed by the NMSC and are now procedurally defaulted for purposes of federal habeas review. See Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." (Internal quotation omitted.)). Ogden has not alleged, let alone established, cause and prejudice for this procedural default. See English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). Nor has Ogden established that application of the procedural bar will result in a fundamental miscarriage of justice (i.e.,

6

he has not made a colorable demonstration that he was actually innocent of the offenses of which he was convicted).  See Herrera v. Collins, 506 U.S. 390, 403-04 (1993); English, 146 F.3d at 1259.

Finally, we agree with the district court that to the extent Ogden seeks to assert constitutional challenges to his conditions of confinement, he must do so in an action filed pursuant to 42 U.S.C. § 1983.  See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000), cert. denied, 531 U.S. 1083 (2001).

Ogden's request for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
