FILED
United States Court of Appeals
Tenth Circuit

May 3, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KEVIN OGDEN,

    Petitioner - Appellant,

v.

DWAYNE SANTISTEVEN; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 21-2014
(D.C. No. 2:20-CV-01292-KWR-SMV)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *
_____

Before **HOLMES**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Kevin Ogden, proceeding pro se, seeks a certificate of appealability (COA) to

challenge the dismissal of his 28 U.S.C. § 2254 petition as an unauthorized second or

successive habeas petition. We deny a COA and dismiss this matter.

Mr. Ogden was convicted in New Mexico state court of first degree murder of a

community service officer and three counts of receipt, transportation, or possession of a

firearm by a felon. He was sentenced to life in prison for the murder count with

additional time on each of the firearms counts. In 2001, he filed his first § 2254 habeas

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition raising forty-one claims of error. The district court determined that some of the claims related to his conditions of confinement and dismissed those without prejudice. The district court dismissed the remaining habeas claims with prejudice, and we denied a COA. *See Ogden v. Bravo*, 35 F. App'x 722, 723, 725 (10th Cir. 2002).

Mr. Ogden filed the underlying habeas petition in December 2020 (his fourth habeas petition). The district court dismissed the petition for lack of jurisdiction as an unauthorized second or successive § 2254 habeas petition and denied a COA. Mr. Ogden then filed an application for a COA in this court.

Mr. Ogden may not proceed with an appeal from the dismissal of his successive § 2254 habeas petition unless this court issues a COA. *See* 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where, as here, the district court disposes of a petition on procedural grounds, an applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Ogden fails to make the required showing. He does not address the COA standards or otherwise attempt to show that the district court's procedural ruling is reasonably debatable. Instead, he argues the merits of his habeas claims. But an inmate may not file a second or successive § 2254 habeas petition without first obtaining an order from this court authorizing the district court to consider his petition. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, "[a] district court does not have jurisdiction

2

to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. Ogden did not first obtain circuit-court authorization to file his successive § 2254 habeas petition, the district court's dismissal for lack of jurisdiction is not reasonably debatable.

Accordingly, we deny a COA and dismiss this matter. Mr. Ogden's motion to proceed without prepayment of fees is denied.

Entered for the Court
Per Curiam