FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 10, 2024**

**Christopher M. Wolpert
Clerk of Court**

_____

KEVIN K. OGDEN,

    Petitioner - Appellant,

v.

NEIL TURNER, Warden; GUADALUPE
COUNTY CORRECTIONAL FACILITY;
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

    Respondents - Appellees.

No. 24-2079
(D.C. No. 2:23-CV-00447-JB-KBM)
(D. N.M.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Kevin K. Ogden, a New Mexico prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of his most recent

habeas application.  We deny a COA and dismiss this matter.

In 1994, a New Mexico jury convicted Mr. Ogden of first-degree murder of a

community service officer and on three counts of being a felon in possession of a firearm.

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Ogden represents himself, we construe his filings liberally.
*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The New Mexico Supreme Court affirmed his convictions on direct appeal. Mr. Ogden then filed his first federal habeas application under 28 U.S.C. § 2254. The district court found that some of his claims related to conditions of his confinement and dismissed those without prejudice; it dismissed his remaining claims with prejudice, and we denied a COA. *See Ogden v. Bravo*, 35 F. App'x 722, 725–26 (10th Cir. 2002). The habeas application underlying this appeal is Mr. Ogden's fifth attempt to obtain federal habeas relief.

A state prisoner can file a habeas application under either 28 U.S.C. § 2241 or § 2254. "Section 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citation omitted). By contrast, an application under § 2254 "is the proper avenue for attacking the validity of a conviction and sentence." *Id.*

Mr. Ogden purported to file the habeas application in this case under § 2241. The district court dismissed it for lack of jurisdiction, reasoning that Mr. Ogden's claims—"a challenge to the probable cause for his arrest, challenges to the pretrial procedures in the State court, a speedy trial violation, a claim of ineffective assistance of counsel, and various issues related to the trial, including erroneous jury instructions, insufficient evidence, and erroneous evidentiary rulings"—were unauthorized second or successive § 2254 claims because they attacked his conviction's validity. R. at 256–57. He now seeks to appeal the dismissal.

To appeal, Mr. Ogden must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, the district court denies an application on procedural grounds, to obtain a

2

COA, the applicant must show that reasonable jurists would find it debatable (1) whether his habeas application "states a valid claim of the denial of a constitutional right" and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's procedural ruling. *See id.* at 485.

Mr. Ogden has not met this standard. The district court correctly recognized that his application was, in substance, a § 2254 application and not a § 2241 application because it asserted claims that "attack[ed] the validity of [his] conviction and sentence." *Yellowbear*, 525 F.3d at 924. Such claims are § 2254 claims, regardless of how Mr. Ogden labelled them. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing the long-standing practice of federal courts to treat a request for habeas relief under the proper statutory section where a pro se prisoner has labeled the application differently); *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005) (concluding that, regardless of how it is labeled, a filing seeking vindication of asserted federal bases for relief from a state court's judgment of conviction is subject to the requirements for § 2254 applications).

Moreover, the district court correctly concluded that this court must authorize second or successive § 2254 claims. *See* 28 U.S.C. § 2244(b)(3)(A). Absent authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Jurists of reason would not find the district court's procedural ruling

debatable because Mr. Ogden did not obtain this court's authorization to file his successive § 2254 application.

We therefore deny a COA and dismiss this matter. We grant Mr. Ogden's motion to proceed without prepaying costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk