**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENNIS MARTIN,

     Petitioner - Appellant,

v.

CARL BEAR, Warden,

     Respondent - Appellee.

No. 17-6019
(D.C. No. 5:16-CV-01170-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Dennis Martin, appearing pro se, seeks a certificate of appealability ("COA")

to appeal the district court's dismissal of his 28 U.S.C. § 2241 petition. We deny a

COA and dismiss the appeal.

**I**

Martin is a state prisoner in Oklahoma. He asserts that he has been wrongfully

imprisoned for 34 years and that there are no records of his arrest, conviction, or

sentence. In 2016, Martin filed a § 2241 petition in the district court, asserting three

grounds for relief: (1) wrongful incarceration; (2) denial of access to courts, denial

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of due process, and suspension of habeas corpus; and (3) violation of his rights under the Oklahoma Constitution. The district court concluded that none of Martin's claims were cognizable under § 2241. It dismissed the petition without prejudice and did not address whether to issue a COA. After the court denied Martin's motion for reconsideration, he filed an application for a COA with this court.

**II**

A state prisoner may not appeal the denial of habeas relief under § 2241 without a COA. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA only if Martin demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because Martin is proceeding pro se, we construe his filings liberally. Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Martin raises only one claim for relief on appeal: he argues that he has been wrongfully incarcerated because he was never arrested, charged, tried, or convicted of a crime. He asserts that there is no record of a criminal judgment or sentencing order against him. That contention is false, and we take judicial notice of his 1985 state court conviction for first degree murder and accompanying life sentence. See State v. Martin, No. CRF-84-169 (Okla. 15th Jud. Dist. Ct. Apr. 25, 1985) (unpublished) (judgment and sentence on plea of guilty). To the extent that Martin now challenges the validity of that conviction and sentence, § 2241 is not the

2

appropriate avenue for relief.  See Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011) (explaining that "§ 2241 petitions . . . are generally reserved for complaints about the nature of a prisoner's confinement, not the fact of his confinement"); Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011) ("A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity . . . ." (quotation omitted)).  Martin appears to have abandoned all other grounds for relief asserted below.  Accordingly, the district court's dismissal of his wrongful incarceration claim is not reasonably debatable.

### III

For the foregoing reasons, we **DENY** Martin's application for a COA and **DISMISS** the appeal.  Because Martin has not demonstrated the existence of a reasoned, nonfrivolous argument on appeal, his motion to proceed in forma pauperis is **DENIED**.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge

3