FILED
United States Court of Appeals
Tenth Circuit

June 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENNIS MARTIN,

     Petitioner - Appellant,

v.

WARDEN BEAR; STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 18-6017
(D.C. No. 5:17-CV-01300-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Dennis Martin, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2241 petition. For the reasons explained below, we deny his COA request and dismiss this matter.

In his § 2241 petition, Martin alleged that because his crime was committed by an Indian, against an Indian, and on Indian land, the state court that convicted and sentenced him lacked jurisdiction to do so. As a result, Martin contended, his

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. 32.1; 10th Cir. R. 32.1.

[1] Because Martin proceeds pro se, we construe his filings liberally. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

confinement is illegal. The magistrate judge recommended denying Martin's petition because it attacked the validity of his sentence rather than the execution of it and therefore failed "to state a cognizable claim under § 2241." R. 17. Martin objected to the magistrate judge's report and recommendation, but the district court overruled those objections. Instead, it adopted the magistrate judge's report and recommendation in full, dismissed Martin's § 2241 petition, and denied him a COA. Martin now seeks to appeal the district court's decision.

To do so, he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007) (requiring COA for state prisoner to appeal adverse decision in § 2241 proceeding). We will grant Martin a COA if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Martin insists that § 2241 is the appropriate avenue for his claim. But a § 2241 petition "typically 'attacks the execution of a sentence rather than its validity.'" *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). And as the district court concluded, Martin's claim—which challenges the jurisdiction of the court that sentenced him— goes directly to the validity of his sentence. *See Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (noting petitioner's claim that state court lacked jurisdiction over Indian-country crime was "an attack on his conviction and sentence" that petitioner had to bring under 28 U.S.C. § 2254).

2

Martin's unsupported assertions to the contrary don't convince us otherwise. Nor does the decision he cites, *Kincaid v. Bear*, No. CIV-1117-F, 2017 WL 6551300 (W.D. Okla. Nov. 17, 2017) (unpublished). There, the petitioner advanced the same claim Martin presents here: he argued that the state court lacked jurisdiction because the crime involved only Indians and occurred in Indian country. *See* Report & Recommendation, *Kincaid v. Bear*, No. CIV-1117-F, 2017 WL 5560424, at *1 (W.D. Okla. Nov. 8, 2017). He did so under § 2254, rather than § 2241. *See id.* And the magistrate judge recommended dismissing the motion—but not, as Martin contends, because such a claim is more properly brought under § 2241. *See id.* at *2. Instead, the magistrate judge concluded that the district court lacked jurisdiction over the case because it was an unapproved second or successive motion under § 2254.[2] *See id.* Nothing in *Kincaid* casts any doubt on the conclusion that a claim challenging the sentencing court's jurisdiction goes to the validity of the sentence rather than its execution. *See Yellowbear*, 525 F.3d at 924. Thus, we conclude that reasonable jurists wouldn't debate the district court's conclusion that Martin's claim cannot proceed under § 2241. *See Slack*, 529 U.S. at 484.

Next, Martin suggests that he's being illegally detained because there's no record of his arrest, trial, conviction, or sentencing order. But we already rejected this argument in Martin's prior § 2241 petition. *See Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir. 2017) (unpublished). We do so again here. Martin's assertion—that

---

[2] The district court adopted the magistrate judge's report and recommendation in full. *See Kincaid*, 2017 WL 6551300, at *2.

3

there's no record of his conviction or sentence—is patently false. *See id.* at 730

(taking judicial notice of Martin's 1985 state-court conviction and life sentence).

Further, this claim challenges the validity of Martin's sentence, not its execution, so

it can't be brought under § 2241. *See id.*; *see also Brace*, 634 F.3d at 1169.

Thus, we deny Martin's COA request and dismiss this case. As a final matter,

because Martin hasn't demonstrated the existence of a reasoned, nonfrivolous

argument on appeal, we also deny his motion to proceed in forma pauperis. *See*

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Nancy L. Moritz
Circuit Judge