FILED
United States Court of Appeals
Tenth Circuit

August 14, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DENNIS MARTIN,

     Petitioner - Appellant,

v.

STATE OF OKLAHOMA; CARL BEAR,

     Respondents - Appellees.

No. 18-6068
(D.C. No. 5:18-CV-00095-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Dennis Martin, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his application for federal habeas relief under 28 U.S.C. § 2241. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding "a state prisoner must obtain a COA to appeal the denial of a habeas petition" that "was filed pursuant to . . . § 2241"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA. We also deny Mr. Martin's request to proceed *in forma pauperis* ("*ifp*").

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Martin is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.  BACKGROUND

Mr. Martin is serving a life sentence for his 1985 Oklahoma first degree murder conviction.  *See Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir. 2017) ("*Martin I*") (taking judicial notice of Mr. Martin's conviction).  Mr. Martin has filed two previous applications under 28 U.S.C. § 2241.  *See id.*; *Martin v. Bear*, 725 F. App'x 729 (10th Cir. 2018) ("*Martin II*").  Both times, the district court denied relief and we denied a COA.  *Martin I* at 730; *Martin II* at 730-31.

Mr. Martin filed this § 2241 application in the United States District Court for the Western District of Arkansas, which transferred it to the District Court for the Western District of Oklahoma.  Mr. Martin argued, as he had previously, that because his crime was committed by an Indian, against an Indian, and on Indian land, the Oklahoma state court that convicted and sentenced him lacked jurisdiction.  He argued his confinement was therefore in violation of federal law.

The magistrate judge recommended dismissing Mr. Martin's petition because it did not establish a basis for habeas relief under § 2241.  Mr. Martin objected to the magistrate judge's report and recommendation, but the district court overruled those objections and adopted the recommendation in full.  The district court denied a COA.

## II.  DISCUSSION

To obtain a COA, Mr. Martin must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

2

further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). We deny Mr. Martin's request for a COA because reasonable jurists could not debate that he has failed to state a claim for relief under 28 U.S.C. § 2241.

We have told Mr. Martin twice before that § 2241 is not the appropriate avenue for this type of claim. *See Martin I* at 730; *Martin II* at 730. "A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity . . . ." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted). A claim that a state prisoner's conviction is invalid should be brought under 28 U.S.C. § 2254. *See Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Mr. Martin's attack on the state court's jurisdiction challenges the validity of his conviction, not the execution of his sentence. *See id.* His assertion on appeal that he is "actually innocent," Aplt. Br. at 4, also challenges his conviction. He therefore cannot obtain relief under § 2241.

Mr. Martin also argues on appeal that the district court violated due process when it denied him a hearing. We review the district court's decision to grant or deny a hearing in a habeas proceeding for an abuse of discretion. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005). The district court did not abuse its discretion by denying Mr. Martin a hearing.

Because reasonable jurists could not debate whether Mr. Martin is entitled to relief under 28 U.S.C. § 2241, we deny a COA and dismiss this matter. We also deny his request to proceed *ifp* because Mr. Martin has not advanced a "reasoned,

3

nonfrivolous argument" on appeal, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge
