FILED
United States Court of Appeals
Tenth Circuit

June 10, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DENNIS MARTIN,

    Petitioner - Appellant,

v.

DAVID ROGERS, J.H.C.C. Warden,

    Respondent - Appellee.

No. 24-6201
(D.C. No. 5:24-CV-00636-D)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Dennis Martin, an Oklahoma prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal from the district court's dismissal of his 28 U.S.C. § 2241 application for habeas relief. We deny a COA and dismiss this matter.[1]

In 1985, Mr. Martin was convicted of first-degree murder and sentenced to life in prison. Since then, he has filed numerous post-conviction motions, including several § 2241 applications. In June 2024, he filed a § 2241 application alleging he is an Indian

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Martin appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

and is entitled to release from Oklahoma custody under *McGirt v. Oklahoma*, 591 U.S. 894 (2020). In *McGirt*, the Supreme Court held that the Creek Reservation remained "Indian country" under the Major Crimes Act, 18 U.S.C. § 1153(a), and recognized that "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed in Indian country," *McGirt*, 591 U.S. at 932.

A magistrate judge recommended that the district court dismiss the application because the *McGirt* claim challenged the validity of Mr. Martin's conviction, a challenge that must be brought under 28 U.S.C. § 2254, not § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citation omitted)). Overruling Mr. Martin's objections, the district court agreed with the recommendation and dismissed the § 2241 application. It also denied a COA.

Mr. Martin must obtain a COA to appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). Because the district court dismissed the application on a procedural ground, he must show that reasonable jurists "would find it debatable" both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No reasonable jurist would debate whether the district court was correct to dismiss the § 2241 application without reaching the merits. Mr. Martin's *McGirt* claim that

Oklahoma did not have jurisdiction to prosecute him[2] attacks the validity of his conviction, a claim that must be brought under § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (noting petitioner's claim that state court lacked jurisdiction over Indian-country crime was "an attack on his conviction and sentence" that had to be brought under § 2254). In fact, we previously told Mr. Martin that he cannot proceed with a § 2241 application claiming that Oklahoma did not have jurisdiction to prosecute him. *See Martin v. Oklahoma*, 734 F. App'x 612, 613 (10th Cir. 2018); *Martin v. Bear*, 725 F. App'x 729, 730 (10th Cir. 2018).[3]

We deny a COA and dismiss this matter. We also deny Mr. Martin's request to proceed in forma pauperis.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] Mr. Martin also asserts that there is no record of an Oklahoma arrest, trial, or conviction. We do not see where he raised this issue in the district court. In any event, we previously said "[t]hat contention is false" and have "take[n] judicial notice of his 1985 state court conviction." *Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir. 2017).

[3] In addition, no reasonable jurist would debate whether the district court should have *sua sponte* converted his § 2241 application to a § 2254 application. Mr. Martin already has filed at least two § 2254 applications alleging Oklahoma lacked jurisdiction to prosecute him. *See Martin v. Pettigrew*, No. 23-7026, 2023 WL 5319806, at *1 (10th Cir. Aug. 18, 2023). The district court dismissed the first one as untimely and dismissed the second one as an unauthorized second or successive § 2254 application. *See id.* at *1-2.