**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW JOHN YELLOWBEAR, JR.,

      Petitioner-Appellant,

v.

WYOMING ATTORNEY GENERAL; SKIP HORNECKER, in his official capacity as Supervisor, Fremont County Detention Center,

      Respondents-Appellees.

No. 04-8120

(D. of Wyo.)

(D.C. No. 04-CV-243-B)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

---

      Petitioner-Appellant Andrew John Yellowbear, a state prisoner appearing pro se, presents three claims in his appeal from the District of Wyoming. He is currently awaiting trial in the Ninth Judicial District of Wyoming for the murder

---

     * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

     ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of his minor daughter. He argues that the State of Wyoming does not have jurisdiction over him; that tribal courts violated his due process rights; and that the state improperly denied him discovery. The district court did not act on the issue of certificate of appealability ("COA"). Pursuant to the General Order of October 1, 1996, under these circumstances COA is deemed denied.

The parties are familiar with the facts, and we need not restate them here. After our review of the materials submitted by Mr. Yellowbear against the backdrop of his state court record, it is apparent the conclusions of the district court are simply not debatable. As the district court explained, Mr. Yellowbear is a prisoner in pre-conviction custody and is therefore unable to rely upon 28 U.S.C. § 2254, which is a vehicle intended only for state court prisoners who have already been convicted to contest the legality of their convictions. He has also failed to meet the exhaustion requirements of § 2254 because he has failed to first bring his claims to state authorities.

Mr. Yellowbear is likewise ineligible for habeas corpus relief under 28 U.S.C. § 2241. Although § 2241 is generally available to prisoners who have not yet been tried, Mr. Yellowbear has not exhausted his remedies at the state court level. We recognize § 2241 does not contain an explicit exhaustion requirement as § 2254 does. However, because Mr. Yellowbear raises no credible federal constitutional claim, it is not inconsistent with § 2241 or our habeas corpus

precedent to follow the exhaustion policy of § 2254 in this case. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (requiring exhaustion for § 2241 habeas claims).

On appeal, Mr. Yellowbear has also filed a "motion for a restraining order" and a "motion for sanctions." These issues were not presented at the district court, and we need not address them here. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) (as a general rule, "this court will not consider an issue on appeal that was not raised below.") Furthermore, like his other arguments, Mr. Yellowbear's new motions present no recognizable habeas corpus claim and have not been fully exhausted at the state court level.

Accordingly, we agree with the district court that Mr. Yellowbear has failed to state a recognizable habeas corpus claim, and we DENY COA and DISMISS the case. We also DENY Mr. Yellowbear's "motion for a restraining order" and his "motion for sanctions."

Entered for the Court

Timothy M. Tymkovich
Circuit Judge