HELENE N. WHITE, Circuit Judge,
concurring.
I join the affirmance of the district court’s denial of Garey Smith’s habeas petition. However, I write separately to address the appropriate standard of review. I agree that Smith’s petition was properly brought under § 2241 because at the time he filed it he was not “in custody pursuant to the judgment of a State court.” 28 U.S.C. § 2254(a). A habeas petition arises under § 2241 and de novo review applies— as opposed to the Antiterrorism and Effec *452 tive Death Penalty Act’s (AEDPA) deferential standard codified under § 2254[4]— when a pretrial detainee seeks habeas relief because the pretrial-detainee petitioner is not in custody pursuant to a state-court judgment, but rather pursuant to an indictment. Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio, 668 F.3d 804, 809-10 (6th Cir.2012). But subsequent to the filing of this action, Smith was convicted in state court, has exhausted his appellate remedies, and is currently serving his sentence. In appealing the denial of habe-as relief, he asks us to vacate his state-court convictions. The law is unclear whether a habeas court should continue to apply the § 2241 de novo standard when the petitioner is subsequently convicted and is in custody pursuant to a state-court judgment.
The cases cited by the majority contain language suggesting that the application of § 2254 or § 2241 is determined by the petitioner’s custody status at the time the habeas petition is filed. See id. at 810 (“The First, Fifth, Ninth, and Tenth Circuits have concluded that the deference that § 2254(d) requires never applies to habeas petitions brought by pretrial detainees under § 2241, and no circuit to our knowledge has held otherwise.” (citations omitted)); Stow v. Murashige, 389 F.3d 880, 882 (9th Cir.2004) (“[W]e hold that Stow’s habeas petition is properly considered under 28 U.S.C. § 2241, not § 2254, because at the time Stow filed his petition he was not ‘in custody pursuant to the judgment of a State court.’ ”); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1987) (“Pre-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.”). However, Phillips, Stow, and Dickerson do not address Smith’s situation. Unlike Smith, the petitioners in Phillips, Stow, and Dickerson were not convicted in state court during the course of their habeas proceedings and thus these cases do not address whether § 2254 would apply in that situation. These cases simply held that jurisdiction was appropriate under § 2241, and that the petitioners could seek habeas relief notwithstanding that they were not in custody pursuant to a state-court judgment.
In contrast to these cases, the Tenth Circuit in Yellowbear v. Wyoming Attorney General addressed an appeal from the denial of a pre-conviction § 2241 petition after the petitioner had been convicted in the interim. See 525 F.3d 921 (10th Cir.2008). The court stated:
Mr. Yellowbear brought this action under 28 U.S.C. § 2241. Section [ ]2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence. In its current posture, Mr. Yellowbear’s claim that the state court *453 lacked jurisdiction over him is an attack on his conviction and sentence. His petition must therefore be brought under § 2254.
Id. at 924 (internal citations omitted). The Yelloiubear court remanded the case to permit the district court to provide the petitioner with an opportunity to re-characterize his § 2241 action as arising under § 2254. Id. at 924-25. In Jackson v. Coalter, the petitioner filed a petition under § 2254, although he was a pretrial detainee. See 337 F.3d 74 (1st Cir.2003). The district court proceeded to adjudicate the matter on the basis that habeas relief is available to pretrial detainees under § 2241. The First Circuit concluded that the petitioner’s interim guilty plea, subjecting him to a state-court judgment, made it unnecessary to address whether the district court properly proceeded under § 2241, and then decided the case under § 2254, applying AEDPA deference to the petitioner’s double jeopardy claim. Id. at 79, 81. However, just as the cases cited by the majority do not directly address the issue before us, so too the cases from the First and Tenth Circuits do not address the issue head on.
Nevertheless, it is unnecessary to decide whether de novo review or AEDPA deference applies to Smith’s claims because his claims fail under either standard.

. In relevant part, § 2254 provides:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d) (emphasis added).