**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY LOLIN JIMENEZ, SR.,

    Petitioner - Appellant,

v.

TELLER COUNTY DISTRICT COURT;
CROWLEY COUNTY CORRECTIONAL
FACILITY, c/o Michael Miller, Warden,

    Respondents - Appellees.

No. 16-1284
(D.C. No. 1:16-CV-01451-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Anthony L. Jimenez, Sr., a Colorado state prisoner proceeding pro se, seeks to

appeal the district court's dismissal of his habeas application putatively filed under

28 U.S.C. § 2241. The court construed the application as challenging his conviction

and dismissed it for lack of jurisdiction as an unauthorized second or successive

habeas application filed under 28 U.S.C. § 2254. We deny a certificate of

appealability (COA) and dismiss the appeal.

Jimenez was convicted after a jury trial of second degree murder and accessory

to a crime. His convictions were affirmed on appeal in 2008. In 2015, Jimenez filed

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a federal habeas application under 28 U.S.C. § 2254. Among his several claims, he asserted that the trial court lacked jurisdiction because the crimes were committed in a national forest. The district court dismissed his habeas application as untimely and procedurally barred.

Jimenez next filed two separate motions in this court seeking authorization to file claims in the district court, including his jurisdictional claim, under §§ 2254 and 2241. We held that Jimenez did not require our authorization to seek habeas relief under § 2241. *See In re Jimenez*, No. 15-1410 (10th Cir. Nov. 23, 2015). And we denied Jimenez authorization to file a second habeas application under § 2254. *See In re Jimenez*, No. 16-1018 (10th Cir. Feb. 17, 2016).

Jimenez then proceeded to file a habeas application in district court, seeking relief under § 2241. Once again, he argued that the trial court lacked jurisdiction because the crimes were committed in a national forest. The district court construed Jimenez's filing as seeking relief under § 2254 because he was challenging the validity of his conviction rather than the execution of his sentence. After noting that this court had not authorized Jimenez to file a second § 2254 habeas application, the court dismissed the application for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). Jimenez seeks to appeal the district court's ruling. We deny a COA and dismiss this appeal.

2

In order to pursue an appeal, Jimenez must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain COA to appeal final order in habeas corpus proceeding); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain COA to appeal district court's dismissal of unauthorized second-or-successive motion under 28 U.S.C. § 2255 for lack of jurisdiction). Because the district court's ruling rested on procedural grounds, Jimenez must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe Jimenez's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

Jimenez does not dispute that he previously filed a habeas application under § 2254. Nor does he contend that this court granted him authorization to file his jurisdictional claim in a second § 2254 application. Jimenez instead argues that he intentionally filed that claim under 28 U.S.C. § 2241(c)(3) because it is cognizable under that section. Therefore, he asserts, the district court erred in construing his motion as seeking relief under § 2254.

Section 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or

3

treaties of the United States."[1]  A habeas application does not arise under § 2254

simply because the applicant is in state custody.  *See Montez*, 208 F.3d at 864-65.

But we have held that "[§] 2241 is a vehicle for challenging pretrial detention or for

attacking the execution of a sentence.  A § 2254 petition, on the other hand, is the

proper avenue for attacking the validity of a conviction and sentence."  *Yellowbear v.*

*Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citations omitted); *see also*

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C.

§ 2241 attacks the execution of a sentence rather than its validity . . . ."); *McIntosh v.*

*U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (noting that § 2254 habeas

proceedings "are used to collaterally attack the validity of a conviction and

sentence").

Jimenez argues that his habeas application was nonetheless properly filed

under § 2241 because, rather than challenging his conviction, he argued that his

criminal case was void at its inception.  But he ultimately sought to invalidate his

conviction based on a jurisdictional defect.  Therefore, reasonable jurists would not

debate whether the district court was correct in construing his motion as filed under

§ 2254 rather than § 2241.

We deny Jimenez's application for a COA and dismiss the appeal.  We also

deny his motion to proceed without prepayment of costs and fees because he has not

shown the existence of a reasoned, nonfrivolous argument on the law and facts in

---

[1] Jimenez also asserts that he filed his habeas application under § 2241(c)(4).
We do not address this contention because Jimenez did not allege any facts indicating
that he is "a citizen of a foreign state."  28 U.S.C. § 2241(c)(4).

4

support of the issues raised.  Therefore, any unpaid amounts of the filing and docketing fees are now due.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk