FILED
United States Court of Appeals
Tenth Circuit

February 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRY J. STRYKER,

     Petitioner - Appellant,

v.

WARDEN BEAR,

     Respondent - Appellee.

No. 17-6220
(D.C. No. 5:17-CV-00695-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Applicant Terry Stryker seeks a certificate of appealability (COA) to appeal the dismissal of his application for relief under 28 U.S.C. § 2241. *See Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007) ("[A] state prisoner seeking to appeal the denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal."). Because no reasonable jurist could debate the correctness of the district court's decisions, we deny Applicant's request for a COA and dismiss the appeal.

In 1975, Applicant was convicted in Oklahoma state court of robbery with a firearm, and was sentenced to life in prison. His direct appeal of his conviction and sentence was unsuccessful as were his two attempts at postconviction relief from the state courts. He was granted parole in 2004, but that parole was revoked in 2008. Following

that revocation, he again unsuccessfully sought postconviction relief in Oklahoma state court.

As noted by the magistrate judge below, Applicant's § 2241 application is a challenge to understand. But construing the pro se pleading "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), he read the application as raising three claims: (1) a life sentence in Oklahoma has been defined as a sentence of 45 years' imprisonment and, having served that long, Applicant is entitled to release; (2) the United States Supreme Court has somehow determined that his conviction is void; and (3) Oklahoma denied him access to the courts, denied him equal protection and due process, suspended habeas corpus, and violated his rights under the Americans with Disabilities Act (ADA). The magistrate judge recommended denial of relief on all claims, and the district court adopted the recommendation.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

2

In our view, no reasonable jurist could debate that the district court erred on the issues before us. Applicant does not challenge the district court's characterization of his claims below and makes no challenge to the disposition of his first claim. As for his second claim, he does cite the Supreme Court decision in *Solem v. Bartlett*, 465 U.S. 463 (1984); but that opinion hardly declared his conviction void, and it is far too old to be the proper predicate for relief in a habeas proceeding initiated in 2017. *See* 28 U.S.C. § 2244(d)(1)(C) (barring § 2254 claims brought more than one year after Supreme Court recognizes a constitutional right). And the district court was undisputedly correct in denying relief on the third claim, which was supported only by allegations regarding the conduct of state postconviction proceedings. *See United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings."). We also note that although Applicant complains that his mental disability was the basis of improper conduct by the state courts, he does not identify any specific such misconduct.

Finally, although Applicant argues some new claims in this court, we do not consider issues not raised below. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

3

We recognize that some, perhaps most, of Applicant's claims are not appropriate claims under § 2241, which is limited to challenging the execution of a sentence. *See Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("§ 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (internal citations omitted)). For example, his second claim is a challenge to his conviction. But we need not determine whether we should recharacterize some claims as being brought under § 2254 or should dismiss them for lack of jurisdiction, because the denial of the request for a COA deprives this court of jurisdiction in any event. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) ("A COA is a jurisdictional prerequisite to our review of the petition for writ of habeas corpus.").

We **DENY** Applicant's request for a COA and **DISMISS** the appeal. We **DENY** Applicant's request to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge

4