FILED
United States Court of Appeals
Tenth Circuit

**December 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

VITALY KOLOSHA,

    Petitioner - Appellant,

v.

LUKE PETTIGREW, Warden,

    Respondent - Appellee.

No. 21-5073
(D.C. No. 4:21-CV-00354-JFH-CFL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Vitaly Kolosha, an Oklahoma prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his pleading titled "A First

Impression Constitutional Question Petition for a 28 U.S.C. § 2241 Habeas Corpus or

28 U.S.C. § 1651" ("Petition") as an unauthorized second or successive 28 U.S.C. § 2254

habeas petition.  We deny a COA.

I. Background

Mr. Kolosha was convicted after a jury trial of four counts of lewd molestation.

He was sentenced to twenty-seven years in prison.  The Oklahoma Court of Criminal

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appeals affirmed his convictions and sentence. Mr. Kolosha filed his first § 2254 habeas petition in 2012. The district court denied relief, and this court denied Mr. Kolosha's request for a COA.

Prior to filing the Petition, Mr. Kolosha filed three successive § 2254 habeas petitions that the district court dismissed for lack of jurisdiction because he had not received authorization from this court to file them. Mr. Kolosha did seek authorization to file a successive § 2254 habeas petition in 2019, but we denied his request because he failed to meet the requirements for authorization in 28 U.S.C. § 2244(b)(2).

In August 2021, he filed the Petition. In it, he challenged his detention and argued that the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed in Indian Country. The district court construed the Petition as a § 2254 habeas petition because Mr. Kolosha is incarcerated pursuant to a state court judgment and his sole claim seeks to collaterally attack the validity of that judgment. Because Mr. Kolosha had not obtained authorization to file a second or successive § 2254 habeas petition, the district court dismissed it for lack of jurisdiction. He now seeks a COA to appeal from that dismissal.

II. Discussion

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not

2

address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *See id*. at 485.

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his COA application, Mr. Kolosha primarily argues the merits of his claim that the State lacked jurisdiction to prosecute and detain him for crimes committed when he was inside another sovereign nation. Those arguments, however, do not address how the district court erred in construing the Petition as an unauthorized second or successive § 2254 habeas petition and dismissing it for lack of jurisdiction.

Mr. Kolosha does assert that his claim is "not a 2254 but a 2241 issue." COA App. at 2. But we have explained that "[s]ection § 2241 is a vehicle for challenging pretrial detention, . . . or for attacking the execution of a sentence" and "[a] § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Mr. Kolosha's claim that the State lacked jurisdiction to prosecute him is an attack on the validity of his conviction and sentence and is properly brought in a § 2254 habeas petition. He has therefore failed to show that reasonable jurists could debate the district court's procedural ruling to treat the Petition as an unauthorized second or successive § 2254 habeas petition and dismiss it for lack of jurisdiction.

3

For the foregoing reasons, we deny a COA. We grant Mr. Kolosha's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk