FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LEWIS E. ERSKINE,

    Petitioner - Appellant,

v.

THE WARDEN OF THE COLORADO
TERRITORIAL CORRECTIONAL
FACILITY,

    Respondent - Appellee.

No. 22-1177
(D.C. No. 1:22-CV-00698-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

    Lewis E. Erskine, a Colorado prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241

application as an unauthorized second or successive 28 U.S.C. § 2254 habeas application.

We deny a COA.

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

In August 2001, Mr. Erskine pleaded guilty to sexual assault and was sentenced to sixteen years to life.  He filed his first § 2254 habeas application almost twenty years later in March 2020.  The district court dismissed the application as untimely.

In July 2022, he filed an application purportedly seeking relief under § 2241.  In it, he challenged his detention, arguing he had been illegally extradited from Oklahoma to Colorado in violation of the Uniform Criminal Extradition Act.  He requested to be "disincarcerated from the Colorado Department of Corrections forthwit[h]."  R. at 18. The magistrate judge construed the § 2241 application as a § 2254 habeas application because Mr. Erskine was not attacking the execution of his sentence, but instead was attacking the legality of his conviction.  Because Mr. Erskine had not obtained authorization to file a second or successive § 2254 habeas application, the magistrate judge recommended dismissing the application for lack of jurisdiction.

Mr. Erskine filed objections to the magistrate judge's report and recommendation. The district court overruled the objections, adopted the magistrate judge's report and recommendation, and dismissed the application.  Mr. Erskine now seeks a COA to appeal from that dismissal.

II.  Discussion

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

2

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *See id*. at 485.

Dismissal of a § 2254 habeas application as time-barred constitutes a decision on the merits, making any later § 2254 habeas application challenging the same conviction second or successive. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). A prisoner may not file a second or successive § 2254 habeas application unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his COA application, Mr. Erskine argues the merits of his claim that he was illegally extradited to Colorado from Oklahoma. He also asserts that he filed a § 2241 application only challenging his illegal extradition with no mention of his state conviction, but the district court brought in his state conviction. We have explained that "[s]ection § 2241 is a vehicle for challenging pretrial detention, . . . or for attacking the execution of a sentence" and "[a] § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Mr. Erskine's claim that he was illegally extradited from Oklahoma prior to being charged in Colorado is an attack on the validity of his conviction and sentence because he asserted in his § 2241 application that, due to the illegal extradition, he should be released from incarceration. Such a claim is properly

3

brought in a § 2254 habeas application.  He has therefore failed to show that reasonable jurists could debate the district court's procedural ruling to treat his § 2241 application as an unauthorized second or successive § 2254 habeas application and dismiss it for lack of jurisdiction.

For the foregoing reasons, we deny a COA.  We grant Mr. Erskine's motion for leave to proceed on appeal without prepayment of costs or fees.  We deny his second motion for court-appointed counsel.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk