FILED
United States Court of Appeals
Tenth Circuit

**March 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

KEVIN L. MCKINNEY,

    Petitioner - Appellant,

v.

MARK FAIRBAIRN,

    Respondent - Appellee.

No. 23-1004
(D.C. No. 1:22-CV-02351-LTB-GPG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **EBEL**, and **McHUGH**, Circuit Judges.
_____

Kevin L. McKinney, a Colorado prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241 application as an unauthorized second or successive 28 U.S.C. § 2254 habeas application.[1]  We deny a COA.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. McKinney sought an extension of time from the district court to file his notice of appeal.  The district court granted the motion.  Mr. McKinney's notice of appeal filed January 3, 2023, is therefore timely.

I.  Background

Following a jury trial, Mr. McKinney was convicted of multiple counts stemming from an armed robbery of a grocery store in Arapahoe County, Colorado.  He was sentenced to 216 years in prison.  The Colorado Court of Appeals affirmed the judgment and the Colorado Supreme Court denied certiorari.  Mr. McKinney then filed a § 2254 habeas corpus application, alleging a due process violation because he was convicted on evidence seized as the result of an illegal vehicle stop.  The district court denied relief, and we denied a COA.

He subsequently filed an application purportedly seeking relief under § 2241.  He brought one claim for "ILLEGAL CUSTODY," R. at 81, and argued the trial court permitted evidence seized as a result of an illegal stop to be admitted as evidence, which violated his Fourteenth Amendment right to due process.  The magistrate judge concluded that Mr. McKinney was challenging the validity of his state-court convictions, not the execution of his sentence.  The magistrate judge therefore concluded that Mr. McKinney's claim arose under § 2254.  Because Mr. McKinney had already challenged his convictions under § 2254 and had not obtained authorization to file a second or successive § 2254 habeas application, the magistrate judge recommended dismissing the application for lack of jurisdiction.

Mr. McKinney filed objections to the magistrate judge's report and recommendation.  The district court overruled the objections, adopted the magistrate judge's report and recommendation, and dismissed the application.  Mr. McKinney now seeks a COA to appeal from that dismissal.

II. Discussion

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *See id.* at 485.

A prisoner may not file a second or successive § 2254 habeas application unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In his COA application, Mr. McKinney contends that the state trial court suppressed its ruling that was favorable to the defense and the jury was not properly instructed, which led to a fundamentally unfair trial and violated his due process rights. But he fails to adequately address the district court's reasoning for construing his § 2241 application as a successive § 2254 application.

We have explained that "[s]ection § 2241 is a vehicle for challenging pretrial detention, . . . or for attacking the execution of a sentence" and "[a] § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).

3

Mr. McKinney's argument that his due process rights were violated due to alleged errors during trial is an attack on the validity of his convictions and sentences. Such a claim is properly brought in a § 2254 habeas application. He has therefore failed to show that reasonable jurists could debate the district court's procedural ruling to treat his § 2241 application as an unauthorized second or successive § 2254 habeas application and dismiss it for lack of jurisdiction.

For the foregoing reasons, we deny a COA. We grant Mr. McKinney's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk