**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RALPH RICHARD HILBURN, II,

    Petitioner - Appellant,

v.

WILLIAM RANKINS, Warden,

    Respondent - Appellee.

No. 23-7050
(D.C. No. 6:22-CV-00181-JFH-DES)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Petitioner Ralph Richard Hilburn, II, a state inmate appearing pro se, brings

this action pursuant to 28 U.S.C. § 2254, seeking review of a dismissal of his petition

seeking federal habeas relief.  In his petition, Hilburn argues that the state district

court erred when it denied his petition as time-barred.

We conclude that the district court properly denied the petition.  Accordingly,

we deny his request for a Certificate of Appealability ("COA") and dismiss this

matter.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

On October 10, 2017, Hilburn entered a guilty plea to one count of child sexual abuse in violation of Okla. Stat. tit. 21, § 843.5(E).  His guilty plea was accepted and Hilburn was sentenced to twenty-seven years of imprisonment with seventeen years suspended.  Under Okla. Crim. App. R. 4.2(A), Hilburn then had ten days to file a motion to withdraw his guilty plea in order to seek direct review of his conviction by the Oklahoma Court of Criminal Appeals.  He did not do so and his conviction therefore became final on October 20, 2017.  On April 12, 2021, Hilburn filed an application for post-conviction relief with the state district court which was denied.  He did not appeal that denial to the Oklahoma Court of Criminal Appeals until March 31, 2022.

On May 27, 2022, Hilburn filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Oklahoma alleging that the state court lacked jurisdiction and that the statute under which Hilburn was convicted was unconstitutionally vague.  The federal district court dismissed Hilburn's habeas petition on the grounds that Hilburn's claim was time-barred under 28 U.S.C. § 2244(d)(1) and denied him a COA.  Hilburn filed a notice of appeal and request for a COA.  Hilburn raises two claims: (1) the untimeliness of his habeas petition was caused by a state-created impediment and (2) his actual innocence is a gateway to overcome the time limitation issue.

## II.     Standard of Review

In a dismissal of a habeas corpus petition, we review the federal district court's conclusions of law de novo.  *Davis v. Exec. Dir. of Dep't. of Corr.*, 100 F.3d 750, 756 (10th Cir. 1996).  "When a denial of the habeas petition is based on 28 U.S.C. § 2244(d), we generally exercise de novo review."  *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

## III.     Analysis

Hilburn claims that the state court, where he pleaded guilty, did not have jurisdiction over him because he is a member of the Choctaw Nation of Oklahoma and the crime was committed in Indian Country.  Hilburn claims that the state court's denial of an evidentiary hearing impeded his timely filing of a habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(B).

Hilburn's habeas petition sets forth claims of a state-created impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) but on different grounds.  In his habeas petition, Hilburn claimed that the state created an impediment because the charging statute under which he was convicted, Okla. Stat. tit. 21, § 843.5(E), was unconstitutionally written.  R. at 356.  While Hilburn did raise jurisdictional issues in his habeas petition, it was based on a different ground—that is, it was by implicit invocation of 28 U.S.C. § 2244(d)(1)(D).  *Id.* at 361.  Because we construe a pro se litigant's pleadings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we will address Hilburn's claim regarding the alleged jurisdictional issue despite this discrepancy.

3

**A. Jurisdictional claims as state-created impediment**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an appeal starts when a COA is filed. 28 U.S.C. § 2253(c). Therefore, without a COA, an appeal may not be taken. *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). A COA can be issued if there is a substantial showing that a constitutional right was denied. 28 U.S.C. § 2253(c)(2). If the habeas petition was dismissed by the district court on procedural grounds and the constitutional claim was never reached, this Court should issue a COA if the petitioner shows that a "jurist[] of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and . . . whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 474. However, no appeal is warranted if the district court was correct to invoke a "plain procedural bar" because no reasonable jurist would conclude either that there was an error in dismissing the habeas petition or that the proceeding should continue. *Id.* at 484.

The federal district court identified a plain procedural bar when it determined that Hilburn's habeas petition was time-barred pursuant to 28 U.S.C. § 2244(d), which provides that a state inmate must file a federal habeas petition within a one-year deadline. The one-year deadline starts to run from the latest of four events specified in 28 U.S.C. § 2244(d)(1). In his appellate brief, Hilburn invokes § 2244(d)(1)(B), which states that the limitation period runs from:

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

4

Hilburn is correct that if there is a state-created impediment that actually prevents the petitioner from filing the habeas petition in a timely manner, the one-year time limit does not start to run until the impediment has been removed. 28 U.S.C. § 2244(d)(1)(B). In this case, the federal district court determined that the time limit began to run "on the date on which his conviction became final by the expiration of his time to seek direct review." R. at 321. Because his judgment was rendered on October 10, 2017, and Hilburn then had ten days to initiate a direct appeal by requesting to withdraw his guilty plea, his conviction became final on October 20, 2017. Therefore, his one-year time limit to file a habeas petition began the next day on October 21, 2017, and expired one year and one day later (because October 21, 2018 fell on a Sunday) on October 22, 2018.

As the federal district court correctly found, the impediment in 28 U.S.C. § 2244(d)(1)(B) "must have actually prevented" the filing of a habeas petition. *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020). We have previously identified certain situations where this occurred. For example, an inmate may be "actually prevented" from filing a habeas petition when his access to the courts is functionally blocked because he is denied access to the prison library or other legal materials. *Id.* But in the instant case, Hilburn does not show that there was anything that would have prevented him from filing his habeas petition in a timely manner.

A lack of jurisdiction is a cognizable due process claim and lack of jurisdiction can be the basis for relief in a habeas petition. *Yellowbear v. Wy. Att'y. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citing *U.S. ex rel. Herrington v. Mancusi*, 415 F.2d

5

205, 208–09 (2d Cir. 1969)).  But, as we have said before in a non-precedential opinion, "as with any other habeas claims, [a petitioner's] due-process claim is subject to dismissal for untimeliness."  *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019).  Because Hilburn's jurisdictional claim was subject to the time limitation imposed by 28 U.S.C. § 2244(d)(1)'s "plain procedural bar . . . [the] Petitioner's due process claim [is] subject to dismissal for untimeliness."  *Allen v. Crow,* No. 22-6141, 2023 WL 5319809, at *2 (10th Cir. Aug. 18, 2023).  We agree with the federal district court that Hilburn's claim "is barred by AEDPA's statute of limitations." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

### B.  Actual innocence

Hilburn's habeas petition does not assert any claims of actual innocence.  He raises claims of actual innocence for the first time in his appellate brief.

It is true that the statutory one-year time limitation can be overcome if the petitioner shows actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations.").

As stated above, Hilburn pleaded guilty in open court to the offense of child sexual abuse.  R. at 379–90.  Because he pleaded guilty, his claim of actual innocence is precluded by that guilty plea.  *United States v. Rising*, 631 F. App'x 610, 617 (10th Cir. 2015).  Once a criminal defendant enters a guilty plea and admits that he is guilty in open court, "he may only attack the voluntary and intelligent

character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in" governing Supreme Court precedent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When the issue is raised about reliance on counsel's advice to accept a plea deal, we have previously held that these decisions are strategic. In order for those decisions to fall below the objective standard of reasonableness, a defendant must show that if it was not for counsel's errors "he would not have pleaded guilty and would have insisted on going to trial." *Rising*, 631 F. App'x at 615 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Finally, "[a]n issue is waived if it was not raised below in the district court." *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003). Because Hilburn's claim of actual innocence is precluded by his guilty plea, and he did not raise any claims concerning voluntariness or the intelligent character of his guilty plea, his claim of actual innocence is barred.

## IV.   Conclusion

For these reasons, we DENY the COA and DISMISS this matter.

Entered for the Court

Allison H. Eid
Circuit Judge

7