FILED
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOHN PATRICK FLETCHER,

Petitioner - Appellant,

v.

JASON LENGERICH,

Respondent - Appellee.

No. 23-1395
(D.C. No. 1:23-CV-02345-LTB-SBP)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

John Patrick Fletcher, a state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his 28

U.S.C. § 2241 petition. He also seeks to proceed in forma pauperis (IFP) on

appeal. For the reasons explained below, we deny Fletcher a COA and IFP

status.

## BACKGROUND

Fletcher is serving a life sentence in Colorado for a murder that he

committed in 1992. In 2017, he filed a petition under 28 U.S.C. § 2254, in

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which he challenged the validity of his conviction and sentence. *Fletcher v. Lengerich*, No. 17-CV-01022, 2017 WL 7241021, at *1 (D. Colo. July 14, 2017). The district court denied his petition because it was barred under the one-year statute of limitations. *See id.* at *2–4. We affirmed. *See Fletcher v. Lengerich*, 702 F. App'x 795, 796 (10th Cir. 2017) (unpublished).

In 2023, Fletcher filed a petition under 28 U.S.C. § 2241. In this petition, he contends that his conviction was unlawful because his arrest was a "state-sponsored kidnapping." R. at 16. A magistrate judge reviewed Fletcher's petition and noted that it was "really a § 2254 application in § 2241 clothing." R. at 50. And because Fletcher had not received authorization to file a second or successive § 2254 petition, the magistrate recommended that it be dismissed without prejudice. Fletcher objected to the magistrate's recommendation, arguing that § 2241 is the proper avenue to obtain relief from his alleged illegal kidnapping. The district court rejected Fletcher's arguments, adopted the magistrate's recommendation, and denied his petition for lack of jurisdiction. Fletcher timely appealed.

## STANDARD OF REVIEW

Fletcher must obtain a COA before we can address the merits of his habeas petition, as it is a jurisdictional prerequisite to our review. *See Montez v. McKinna*, 208 F.3d 862, 867–69 (10th Cir. 2000). To do so, Fletcher must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

A petition is properly brought under § 2241 when a prisoner seeks to challenge "the execution of a sentence," whereas § 2254 "is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Before a state prisoner may file a "second or successive" § 2254 petition, "he must successfully apply to this court for an order authorizing the district court to consider the petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Without an order authorizing a second § 2254 petition, the district court lacks jurisdiction to address the merits of the petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). If a prisoner files an unauthorized § 2254 petition, then the district court "may transfer the matter to this court if it determines it is in the interest of justice." *Id.* at 1252. Otherwise, the district court should dismiss the "petition for lack of jurisdiction." *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

The district court properly construed Fletcher's petition as a second § 2254 petition. Though labeled under § 2241, his petition alleges that the state court lacked subject-matter jurisdiction because his arrest was really an illegal kidnapping. This is a challenge to the "validity of [his] conviction and sentence." *See Yellowbear*, 525 F.3d at 924. Because Fletcher had filed a

3

§ 2254 petition in 2017, Fletcher's current petition is his second under § 2254. But Fletcher never received authorization from us to file his second petition. So the district court correctly concluded that it lacked jurisdiction to consider Fletcher's petition on the merits. *See Cline*, 531 F.3d at 1251.

The district court likewise acted within its discretion by dismissing his petition rather than transferring it. A district court may transfer a petition to us when "it is in the interest of justice to do so." *Id.* at 1252. This standard requires courts to consider, among other factors, whether "the claims alleged are likely to have merit." *Id.* at 1251. But to have merit, the prisoner must seek to advance a claim based on (1) "a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable" or (2) newly discovered evidence. 28 U.S.C. § 2244(b)(2)(A)–(B) (establishing requirements for second habeas petition). Fletcher's petition does neither: he simply alleges that his conviction violated federal law because he was kidnapped. Thus, reasonable jurists would not debate the district court's ruling.

Fletcher also requests to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because Fletcher's arguments are frivolous, we deny his IFP motion.

4

## CONCLUSION

For all these reasons, we deny Fletcher a COA, deny his motion to proceed IFP, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge