FILED
United States Court of Appeals
Tenth Circuit

March 31, 2026

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

STEVEN LEE ADAIR,

Petitioner - Appellant,

v.

CHRIS RANKINS, Warden,

Respondent - Appellee.

No. 25-5175
(D.C. No. 4:23-CV-00061-JFH-SH)
(N.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Steven Adair seeks a certificate of appealability from the district

court's denial of his 28 U.S.C. § 2254 habeas petition as untimely. Because the

correctness of the district court's procedural ruling is beyond debate, we **DENY** the

request and **DISMISS** this appeal.

## I.    Background

In November 2015, Adair pleaded guilty in Oklahoma court to two counts of

first-degree murder, one count of kidnapping, one count of assault and battery with a

deadly weapon, and one count of attempted first-degree arson. In exchange for his

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea, the State declined to seek the death penalty, and the court sentenced Adair to incarceration for life without the possibility of parole.  He never sought review in the Oklahoma Court of Criminal Appeals.  But in April 2021, Adair applied for postconviction relief in Oklahoma district court, arguing the sentencing court lacked jurisdiction because he is an Indian and the crimes were committed in Indian country.  *See McGirt v. Oklahoma*, 591 U.S. 894, 898 (2020).  The court denied Adair's application in May 2021, and once again, Adair did not appeal.

In February 2023, Adair filed a pro se petition for habeas under 28 U.S.C. § 2254 in the Northern District of Oklahoma.  His petition raised three claims: (1) his state incarceration violates his constitutional right to due process because the State lacked jurisdiction to prosecute him for crimes he committed in Indian country; (2) his trial counsel's failure to investigate and raise the Indian country jurisdiction claim was constitutionally deficient; and (3) the prosecutor deprived him of due process by prosecuting him despite the State's lack of jurisdiction.

The district court determined Adair's petition was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations because he filed it more than one year after his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  The court found no grounds to toll the limitations period, dismissed the petition, and declined a certificate of appealability (COA).

## II.   Discussion

Adair must secure a COA for this court to consider the merits of his appeal.  *Slack v. McDaniel*, 529 U.S. 473, 482 (2000).  He can only get one if he makes "a

2

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his petition on procedural grounds, Adair must show that "jurists of reason" could debate both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. When a district court correctly invokes a procedural bar to dispose of a habeas petition, the case "should not be allowed to proceed further." *Id.*

AEDPA imposes a one-year statute of limitations for state prisoners to file a habeas petition. 28 U.S.C. § 2244(d)(1). The limitations period begins on the latest of four possible accrual dates, which here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The district court correctly noted that Adair's conviction became final on November 16, 2015, when time expired for him to withdraw his plea and pursue direct review through an appeal to the Oklahoma Court of Criminal Appeals. Since he did not, the limitations period began the next day and expired on November 17, 2016. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Adair did not file his petition until February 2023; over six years past the expiration date.

Adair now contends that the district court's timeliness ruling was debatable because AEDPA's limitations period should not apply to jurisdictional challenges. He argues a lack of subject matter jurisdiction renders a judgment void *ab initio* and prevents it from becoming final. But we have previously "explained that a

petitioner's challenge to the convicting court's jurisdiction is considered a due process challenge and is subject to AEDPA's one-year limitations period." *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2 (10th Cir. Nov. 3, 2022) (citing *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause.")).  And we have rejected the same argument in the *McGirt* jurisdictional context several times.  *See Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022); *Warnick*, 2022 WL 16646708, at *2–3.  Thus, the application of AEDPA's time bar was neither "debatable [nor] wrong."[1]  *Slack*, 529 U.S. at 484.

---

[1] Adair does not challenge the district court's refusal to toll the statute of limitations.  Even if he had, our precedent forecloses the possibility of equitable tolling based on a *McGirt* jurisdictional defect.  *See Pacheco v. Habti*, 62 F.4th 1233, 1241–46 (10th Cir. 2023).  Adair's remaining arguments address the merits of his constitutional claims, and since we find the district court properly applied AEDPA's statute of limitations, we do not consider them further.  *See Slack*, 529 U.S. at 485 (explaining the doctrine of constitutional avoidance "allows and encourages the court to first resolve procedural issues").

## III.   Conclusion

For the foregoing reasons, we deny Adair's request for a certificate of appealability and dismiss this appeal.  We grant his motion for leave to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge